# EXHIBIT A

Case 3:17-cv-00495-RNC   Document 1-1   Filed 03/27/17   Page 2 of 4



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
701 S. COURTHOUSE ROAD, SUITE 1001
ARLINGTON, VA 22204-2490

TLG
Docket No: 0910-16

JUL 21 2016

MR KATRINA D BRADLEY
C/O LI BETHANY
YALE LAW SCHOOL
P O BOX 209090
NEW HAVEN CT 06520-9090

Dear Ms. Bradley:

This is in reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552.

Although your application was not filed in a timely manner, the Board found it in the interest of justice to waive the statute of limitations and consider your application on its merits. A three-member panel of the Board for Correction of Naval Records, sitting in executive session, considered your application on 5 April 2016. The names and votes of the members of the panel will be furnished upon request. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, your naval record, and applicable statutes, regulations, and policies.

Regarding your request for a personal appearance, be advised that Board regulations state that personal appearances before the Board are not granted as a right, but only when the Board determines that such an appearance will serve some useful purpose. In your case, the Board determined that a personal appearance was not necessary and considered your case based on the evidence of record.

After careful and conscientious consideration of the entire record, the Board found the evidence submitted was insufficient to establish the existence of probable material error or injustice.

You enlisted in the Navy and began a period of active duty on 20 October 1994. On 21 September 1995, you received nonjudicial punishment (NJP) for three specifications of violation of Article 92 including willfully failing to carry out your duties, culpable inefficiency by falling asleep on duty, disobeying a lawful order and failure to go to your appointed place of duty. On 11 October 1995, you received administrative retention warning/counseling on your deficiencies in performance and conduct; specifically, failing to stand watch and not paying your just debts. Your record indicates that you failed to head counseling, by failing to tend to your financial obligations and continued poor performance.

Subsequently, you were notified of pending administrative separation action by reason of misconduct due to commission of a serious offense. After you waived your procedural rights, your commanding officer recommended an other than honorable (OTH) discharge by reason of misconduct due to commission of a serious offense. The discharge authority approved this recommendation and directed separation under other than honorable conditions by reason of misconduct, and on 16 January 1996, you were so discharged.

The Board, in its review of your entire record and application, carefully weighed all potentially mitigating factors, such as your counsels' brief, affidavits and letters, your desire to upgrade your characterization of service pursuant to the Don't ask, Don't Tell Repeal Act of 2010, and assertions that your OTH discharge was too harsh, you were sexually harassed, and discriminated against. Nevertheless, the Board concluded these factors were not sufficient to warrant recharacterization of your discharge given your misconduct which resulted in NJP and discharge from the Navy. In this regard, the Board concluded the severity of your misconduct outweighed your desire to upgrade your discharge.

The Board also noted that there is no evidence in the record indicates you were discharged under policies repealed by the Don't ask, Don't Tell Repeal Act of 2010. Please be advised that under 10 United States Code (U.S.C.) 654 (Repeal) and UNSECDEF Memo of 20 September 2011 (Correction of military records following repeal of 10 U.S.C. 654), the Board can grant a request to upgrade a discharge based on homosexuality when two conditions are met: (1) the original discharge was based solely on "don't ask don't tell" (DADT) or similar policy in place prior to enactment of DADT and (2) there were no aggravating factors such as misconduct. In your case, the Board found you do not meet these criteria's. The Board also was not persuaded by the mitigating assertion that your punishment was too harsh. The Board did not find that race or sexual orientation were motivating factors in your discharge. Your punishment was a direct result of your actions, which resulted in a OTH discharge. As stated previously, you waived your rights to consult counsel, submit a statement, or to have your case heard by an administrative discharge board (ADB), which was your chance for retention, and opportunity to advocate for a better discharge. Regarding your assertions that you were sexually harassed and discriminated against while in the Navy. There is no evidence in the record, and you provided none, to support your assertions. The Board concluded your discharge was proper as issued and no change is warranted. Accordingly, your application has been denied.

It is regretted that the circumstances of your case are such that favorable action cannot be taken. You are entitled to have the Board reconsider its decision upon submission of new and material evidence within one year from the date of the Board's decision. New evidence is evidence not previously considered by the Board prior to making its decision in your case. In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records.

2

Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,

SCOTT F. THOMPSON
Executive Director