# Exhibit A



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
701 S. COURTHOUSE ROAD, SUITE 1001
ARLINGTON, VA  22204-2490

                                                                                                            JMP
                                                                                                             Docket No: 4143-19
                                                                                                             Ref: Signature Date

From:  Chairman, Board for Correction of Naval Records
To:    Secretary of the Navy

Subj:  REVIEW OF NAVAL RECORD OF FORMER MEMBER KATRINA D. BRADLEY,
       USN, XXX-XX-0072

Ref:   (a) 10 U.S.C. § 1552
       (b) SECDEF memo, "Supplemental Guidance to Military Boards for
           Correction of Military/Naval Records Considering Discharge Upgrade Requests by
           Veterans Claiming PTSD," of 3 September 2014
       (c) PDUSD memo, "Consideration of Discharge Upgrade Requests Pursuant
           to Supplemental Guidance to Military Boards for Correction of Military/Naval Records
           by Veterans Claiming PTSD or TBI," of 24 February 2016
       (d) PDUSD memo, "Clarifying Guidance to Military Discharge Review
           Boards and Boards for Correction of Military/Naval Records Considering Requests by
           Veterans for Modification of their Discharge Due to Mental Health Conditions, Sexual
           Assault, or Sexual Harassment," of 25 August 2017

Encl:  (1) DD Form 149 w/attachments (NR20160000910)
       (2) DD Form 149 w/attachments (NR20190004143)
       (3) U.S. District Court for the District of Columbia, Civil Action No. 3:17-cv-495 (RNC)
           Ruling and Order of 11 Apr 19
       (4) Advisory Opinion, MLCS Docket No: NR20190004143 of 2 Jul 19
       (5) Advisory Opinion Rebuttal of 25 Sep 19
       (6) Updated Advisory Opinion, MLCS Docket No: NR20190004143 of 26 Sep 19
       (7) Advisory Opinion Rebuttal of 25 Oct 19
       (8) Revised Advisory Opinion, RAA Docket No: NR20190004143 of 1 Nov 19

1. Pursuant to the provisions of reference (a), Petitioner, a former enlisted Sailor, filed enclosure (1) with the Board for Correction of Naval Records (Board), requesting that the Board correct her Certificate of Release or Discharge from Active Duty (DD Form 214) to reflect an upgraded characterization of service and corresponding changes to her narrative reason for separation.  The Board previously denied Petitioner's request on 21 July 2016, after which she petitioned the United States District Court for the District of Columbia.  The court granted the Government's motion for voluntary remand and remanded this case to the Board for further proceedings consistent with enclosure (3).

2. The Board, consisting of Mr. Buckley, Ms. McCain, and Ms. Schroeder, reviewed Petitioner's allegations of error and injustice on 14 November 2019 and, pursuant to its regulations, determined that the corrective action indicated below should be taken on the available evidence

Subj:  REVIEW OF NAVAL RECORD OF FORMER MEMBER KATRINA D. BRADLEY, USN, XXX-XX-0072

of record.  Documentary material considered by the Board consisted of the enclosures, relevant portions of Petitioner's naval service records, and applicable statutes, regulations, and policies, as well as the enclosed advisory opinions (AO) from qualified mental health providers and documentation provided in rebuttal by Petitioner.

3. The Board, having reviewed all the facts of record pertaining to Petitioner's allegations of error and injustice, finds as follows:

    a. Before applying to this Board, Petitioner exhausted all administrative remedies available under existing law and regulation within the Department of the Navy.

    b. Petitioner enlisted in the Navy on 20 October 1994.  On 21 September 1995, she received nonjudicial punishment (NJP) for dereliction of duty, failure to obey an order, and failure to go to her appointed place of duty.  On 11 October 1995, she was counseled regarding her habitual tardiness, failure to complete assigned tasks, failure to complete personal qualification standards (PQS) and advancement requirements within allotted time, failure to stand a proper watch, unauthorized absence, failure to obey lawful orders, and failure to pay just debts.  Subsequently, Petitioner was notified of pending administrative separation action by reason of misconduct due to commission of a serious offense.  After she waived her procedural rights, her commanding officer recommended she be discharged with an other than honorable (OTH) characterization of service by reason of misconduct due to commission of a serious offense.  The discharge authority approved the recommendation and directed Petitioner be discharged by reason of misconduct with an OTH characterization of service.  On 16 January 1996, she was discharged.

    c. Petitioner contends that her discharge is overly harsh, constitutes error and injustice, and should be upgraded for the following reasons:

        (1) Petitioner experienced sexual assault and harassment during her time in service.  Her experience of military sexual trauma (MST) contributed to and mitigates the minor misconduct underlying her discharge.  She contends that she was sexually assaulted and harassed by an ensign in her chain of command.

        (2) The harshness of Petitioner's discharge and her high character and success merit clemency.  Specifically, she contends that the disproportionate punishment received for youthful indiscretions, the minor misconduct resulting from repeated instances of MST, and her subsequent contributions as a civilian, warrant clemency.

        (3) Petitioner would not have been discharged under current military policies.  Specifically, she contends she should be granted relief because, since her 1996 discharge, the Department of Defense and Department of the Navy have materially altered their approach to sexual assault and harassment and have enhanced survivors' rights.  If these policies had been applied to her case, she would not have received an OTH characterization of service.

        (4) Petitioner contends that her discharge was retaliatory in violation of the Military Whistleblower Protection Act (MWPA).  Specifically, she contends that she filed a sexual harassment complaint with a petty officer in her chain of command that should have triggered

2

Subj:  REVIEW OF NAVAL RECORD OF FORMER MEMBER KATRINA D. BRADLEY, USN, XXX-XX-0072

the protections of the MWPA.  Instead of investigation into the MST she alleged occurred against her by an ensign at her command, Petitioner contends that, within a week of her complaint, her chain of command responded with counseling and NJP for minor infractions.  Petitioner also contends that the accused ensign was involved in her administrative separation, noting he served as the official witness to her signing of the administrative separation documentation.

(5) Petitioner contends that her discharge was related to her experiences of discrimination based on race, sex, and sexual orientation, in contravention of the Fifth Amendment.  Additionally, she contends that the OTH characterization of service is an injustice in light of the mitigating factors that impaired her adjustment to military life.

(6) Petitioner contends that her command "overreached" and "unreasonably multiplied" her charges at NJP.  Specifically, she contends the dereliction of duty charge was overreaching and an error because it was based solely on her "going from duty," which should have been charged as an unauthorized absence offense.  She further contends that specifications 1 and 3 were not aimed at distinctly separate criminal acts but stemmed from the misconduct of watching a movie in the duty office rather than standing watch in the hazmat shack.

(7)  Petitioner's infractions were minor and would not have warranted an OTH characterization of service but for the erroneous narrative reason for separation.  Specifically, she contends that, had she been properly charged, a general (under honorable conditions) (GEN) characterization of service would have been the least favorable characterization she could receive when administratively processed.

   d. As part of the Board's review, a qualified mental health provider reviewed Petitioner's assertions and available records and provided an AO on 2 July 2019.  This initial AO noted that Petitioner screened positive for PTSD, but determined that there was insufficient evidence that her misconduct should be attributed to PTSD resulting from the MST.  Additional treatment records and expert psychiatric and psychological evaluations were provided by Petitioner on 25 September 2019.  After reviewing the rebuttal memo and supporting documentation, the mental health provider drafted an updated AO, but her opinion regarding whether the misconduct could be attributed to PTSD remained unchanged.  In rebuttal, Petitioner provided additional rebuttal and supporting documentation on 25 October 2019.  The case file was fully reviewed again on 1 November 2019, and a favorable AO was provided.  Specifically, the mental health provider determined that there was sufficient evidence of a mental health condition during Petitioner's military service to attribute her misconduct to a major psychological condition.  The AO stated "there were substantive complaints and observable changes in her baseline behavior and emotional state indicating a severe mental condition that would have negatively affected her occupational and social functioning."  Based on the available evidence, it was the mental health provider's opinion that there was sufficient evidence of a mental health condition during Petitioner's military service to attribute her misconduct to a major psychological condition.

3

Subj: REVIEW OF NAVAL RECORD OF FORMER MEMBER KATRINA D. BRADLEY, USN, XXX-XX-0072

CONCLUSION:

Upon review and consideration of all the evidence of record, the Board concludes that Petitioner's request warrants relief. The Board reviewed the application under the guidance provided in references (b) through (d). Specifically, the Board considered whether the application was the type that was intended to be covered by this policy.

The purpose of the Secretary of Defense memorandum is to ease the process for Veterans seeking redress and assist the Boards in reaching fair and consistent results in "these difficult cases." The memorandum describes the difficulty Veterans face on "upgrading their discharges based on claims of previously unrecognized" mental health conditions. The memorandum further explains that, since mental health conditions were not previously recognized as a diagnosis at the time of service for many Veterans, and diagnoses were often not made until after service was completed, Veterans were constrained in their arguments that mental health conditions should be considered in mitigation for misconduct committed or were unable to establish a nexus between a mental health condition and the misconduct underlying their discharge.

The Board, applying liberal consideration and relying on the AO of 1 November 2019, determined that Petitioner's PTSD due to MST mitigated the misconduct that led to her OTH discharge. Further, the Board, noting the ensign's involvement in Petitioner's separation processing, determined that impropriety, at the least, occurred during Petitioner's separation processing. Additionally, the Board considered Petitioner's contentions regarding the overreaching and multiplication of charges, and concurred that her command overreached and multiplied charges. Specifically, the Board determined that the misconduct was unjustly charged as numerous violations, stemming from a single incident, in what appears to be an attempt to unjustly create a "serious offense" by which Petitioner could be separated by reason of misconduct due to commission of a serious offense. Although the Board determined that there was an appearance of "some level of retaliation," the Board, having reached a determination that Petitioner's misconduct should be mitigated by reason of her diagnosed PTSD due to MST and the unjust overreaching and multiplication of charges, determined that it was unnecessary to consider Petitioner's contentions regarding reprisal and discrimination due to race, sex, or sexual orientation.

After consideration of all these factors, the Board relied upon the AO and determined that the misconduct that led to Petitioner's discharge was mitigated by her PTSD due to MST and warranted an upgraded characterization of service and corresponding changes to her separation reason, code, and authority.

RECOMMENDATION:

In view of the above, the Board directs the following corrective action:

Petitioner be issued a new DD Form 214 indicating the characterization of service as "honorable," narrative reason for separation as "secretarial authority," separation code as "JFF," and separation authority as "MILPERSMAN 1910-164."

4

Subj: REVIEW OF NAVAL RECORD OF FORMER MEMBER KATRINA D. BRADLEY, USN, XXX-XX-0072

That a copy of this report of proceedings be filed in Petitioner's naval record.

That, upon request, the Department of Veterans Affairs be informed that Petitioner's application was received by the Board on 2 February 2016.

4. It is certified that a quorum was present at the Board's review and deliberations, and that the foregoing is a true and complete record of the Board's proceedings in the above-entitled matter.

5. Pursuant to the delegation of authority set out in Section 6(e) of the revised Procedures of the Board for Correction of Naval Records (32 Code of Federal Regulations, Section 723.6(e)), and having assured compliance with its provisions, it is hereby announced that the foregoing corrective action, taken under the authority of reference (a), has been approved by the Board on behalf of the Secretary of the Navy.

12/12/2019

X _____

BRADLEY J. GOODE
Deputy Director
Signed by: GOODE.BRADLEY.J.1139935450

5



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
701 S. COURTHOUSE ROAD, SUITE 1001
ARLINGTON, VA 22204-2490

JMP
Docket No: 4143-19
Ref: Signature Date

MS KATRINA D BRADLEY
C/O MICHAEL WISHNIE, SUPERVISING ATTORNEY
VETERANS LEGAL SERVICES CLINIC
JEROME N FRANK LEGAL SERVICES ORGANIZATION
PO BOX 209090
NEW HAVEN CT 06520 9090

Dear Ms. Bradley:

This letter is in reference to your application for correction of your naval record pursuant to Title 10, United States Code, Section 1552.

The final decision in your case has been approved, a copy of which is enclosed. The approved changes to your naval record will be made by Commander, Navy Personnel Command (NPC) (Code PERS-312), 5720 Integrity Drive, Millington, TN 38055-3120. Please wait at least 60 days from the date of this letter before contacting the NPC Call Center about the status of the case.

Sincerely,

12/12/2019

X *[signature]*

BRADLEY J. GOODE
Deputy Director
Signed by: GOODE.BRADLEY.J.1139935450

Enclosure:



**DEPARTMENT OF THE NAVY**
BOARD FOR CORRECTION OF NAVAL RECORDS
701 S. COURTHOUSE ROAD, SUITE 1001
ARLINGTON, VA  22204-2490

JMP
Docket No: 4143-19
Ref: Signature Date

From:  Chairman, Board for Correction of Naval Records
To:    Commander, Navy Personnel Command

Subj:  REVIEW OF NAVAL RECORD OF FORMER MEMBER KATRINA D. BRADLEY, USN, XXX-XX-0072

Ref:   (a) 10 U.S.C. § 1552

Encl:  (1) Copy of approved Report of Proceedings w/o attachments
       (2) Copy of letter to Subject

1. In accordance with the reference, the Board for Correction of Naval Records has reviewed allegations of error and injustice in Subject's naval record.

2. The designated representative of the Assistant Secretary of the Navy for Manpower and Reserve Affairs has reviewed the proceedings of the Board and approved the recommendation for corrective action as set forth in enclosure (1).

3. Regulations approved by the Secretary of the Navy require that Subject's naval record be corrected, where appropriate, in accordance with the approved recommendation of the Board.

4. It is requested that this Board be furnished a copy of any correspondence relating to the approved recommendation.

12/12/2019

X *[signature]*

BRADLEY J. GOODE
Deputy Director
Signed by: GOODE.BRADLEY.J.1139935450